# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-5341 PA (AJWx) | Date | January 24, 2012 |
|---|---|---|---|
| Title | John B. Kenney. v. Japan, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N / A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    IN CHAMBERS – ORDER TO SHOW CAUSE

The Court is in receipt of a Complaint filed by plaintiff John B. Kenney ("Plaintiff") who appears pro se.  The Complaint asserts eighteen claims against more than 100 defendants, including Japan, the People's Republic of China, President George W. Bush, Vice President Richard Cheney, MI5, the Central Intelligence Agency, the Department of Homeland Security, the Federal Bureau of Investigation, the Democratic National Committee, the Yakuza Syndicate, various cities and their police departments, a number of banking institutions, and "two French stalkers" ("Defendants").  Plaintiff appears to be alleging that these Defendants are engaged in a global conspiracy against him that involves, inter alia, destroying his business, stalking him by helicopter, tapping his phone, reading his emails, issuing him parking tickets, using his girlfriend to spy on him, and not accepting his ATM card.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the Complaint's factual allegations, Plaintiff's claims against Defendants do not appear to arise out of the same transaction or occurrence, given that there seems to be little or no connection between most of the Defendants or the alleged harms.

The Court therefore orders Plaintiff to show cause in writing, no later than February 6, 2012, why one or more parties should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").  Defendants may file their responses no later than February 13, 2012.  Alternatively, Plaintiff may file separate actions against each of the Defendants, with new complaints and filing fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5341 PA (AJWx) | Date | January 24, 2012 |
|---|---|---|---|
| Title | John B. Kenney. v. Japan, et al. | | |

IT IS SO ORDERED.